UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Douglas M. Thompson, # 348634,<br><br>Petitioner,<br><br>vs.<br><br>The State of South Carolina;<br>The South Carolina Attorney General;<br>South Carolina Court of Appeals;<br>SC Commission on Indigent Defense;, and<br>Lanelle C. Durant, official and individual capacities,<br><br>Respondents. | C/A No. 5:13-3415-DCN-KDW<br><br><br><br><br>ORDER |

     This is a civil action filed by a state prisoner. Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge. By Order dated December 13, 2013, Plaintiff was given a specific time frame in which to bring this case into proper form. Plaintiff has complied with the court's Order, and this case is now in proper form.

**MOTION TO CONSOLIDATE**:

     Plaintiff submitted a Motion asking this court to consolidate this case with his other pending action for which initial review was already completed: *Thompson v. S.C. Ct. of Appeals*, Civil Action No. 5:13-2873-DCN. Mot., ECF No. 11. He also includes additional legal argument to "supplement" his Complaint. ECF No. 11. It is noted that a similar motion is currently pending before District Judge Norton in Civil Action No. 5:13-2873-DCN. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989)("'[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records'"). The undersigned magistrate judge has considered the legal arguments contained in the Motion in connection with the initial review in this case; however, in light of the conclusions reached and recommendations made with regard to the Complaint in this case and those made in the Report and Recommendation previously issued in Civil Action No. 5:13-2873-DCN, consolidation of the two cases is not appropriate.

     Plaintiff's Motion to Consolidate is denied without prejudice pending District Judge Norton's ruling on the similar motion currently pending in Civil Action No. 5:13-2873-DCN.

**PAYMENT OF THE FILING FEE:**

By filing this case, Plaintiff has incurred a debt to the United States of America in the amount of $350.* *See* 28 U.S.C. § 1914.  This debt is not dischargeable in the event Plaintiff seeks relief under the bankruptcy provisions of the United States Code.  *See* 11 U.S.C. § 523(a)(17).  The Prison Litigation Reform Act (PLRA) of 1996 permits a prisoner to file a civil action without **pre**payment of fees or security, but requires the prisoner "to pay the full amount of the filing fee" as funds are available.  *See* 28 U.S.C. § 1915(a), (b).  As the court has granted Plaintiff permission to proceed in forma pauperis, **the agency having custody of Plaintiff shall collect payments from Plaintiff's prisoner trust account in accordance with 28 U.S.C. § 1915(b)(1) and (2), until the full $350 filing fee is paid.**  *See Torres v. O'Quinn*, 612 F.3d 237, 252 (4th Cir. 2010) ("We hold that 28 U.S.C. § 1915(b)(2) caps the amount of funds that may be withdrawn from an inmate's trust account at a maximum of twenty percent *regardless of the number of cases or appeals the inmate has filed*.") (emphasis in original).

Plaintiff has submitted an Application to Proceed Without Prepayment of Fees and Affidavit (Form AO 240) and a Financial Certificate, which are construed as a Motion for Leave to Proceed in forma pauperis.  *See* 28 U.S.C. § 1915(a)(1), (2).  A review of the Motion reveals that Plaintiff does not have the funds to pay the first installment of the filing fee.  Therefore, the amount due from Plaintiff is currently $350.

Plaintiff's Motion for Leave to Proceed in forma pauperis is granted.

**TO THE CLERK OF COURT**:

The Clerk of Court is directed to docket the "proposed document" currently at ECF No. 13 as an attachment to the Complaint. The attachment should be titled "Supplemental Pleading." This case is subject to summary dismissal based on an initial screening conducted pursuant to 28 U.S.C. §1915 and/or 28 U.S.C. § 1915A.  Therefore, the Clerk of Court shall ***not*** issue any summonses nor shall the Clerk of Court forward this matter to the United States Marshal for service of process at this time.

IT IS SO ORDERED.

February 24, 2014                                      Kaymani D. West
Florence, South Carolina                          United States Magistrate Judge

---

* Effective May 1, 2013, an administrative fee of $50 is added to the filing fee of $350.  The $50 administrative fee, however, is not applicable to *in forma pauperis* cases.